UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ANDRE LEE COLEMAN-BEY #173324,   )
                                      )
                 Plaintiff,          )    Case No. 2:05-cv-256
                                        )
v.                                )    HON. ROBERT HOLMES BELL
                                        )
DONALD W. KINNUNEN,         )
                                        )    **OPINION**
                 Defendant.     )
_____)

         This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff Andre Lee Coleman-Bey, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Donald W. Kinnunen, who was employed as the Alger County Circuit Court Clerk at the time the claim arose in this case. Plaintiff alleges in his complaint that on July 22, 2002, while Plaintiff was confined at the Alger Maximum Correctional Facility (LMF), he received a major misconduct ticket. On August 2, 2002, Plaintiff was found guilty of the misconduct. Plaintiff filed a timely request for rehearing, which was denied on October 30, 2002. While Plaintiff was confined at the State Prison of Southern Michigan undergoing medical treatment, he prepared a petition for judicial review and mailed it to the Alger County Circuit Court for filing. However, instead of accepting Plaintiff's petition for filing, Defendant returned it to Plaintiff along with a letter advising Plaintiff to file it in the county where he was located and where the offense occurred. A review of the attachments to Plaintiff's complaint reveals that the disapproved request for rehearing which Plaintiff forwarded to Defendant indicates that Plaintiff resided at the Marquette Branch Prison (MBP), so it is not clear that Defendant could have known that Plaintiff received the misconduct while at LMF. Plaintiff claims that Defendant had no authority to reject his petition for judicial review and that it deprived Plaintiff of his ability to timely file the petition. Plaintiff states that Defendant's conduct violated his constitutional rights. Plaintiff seeks compensatory and nominal damages, as well as injunctive relief.

- 2 -

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Initially, the court notes that a court clerk who performs tasks that are an integral part of the judicial process is entitled to absolute quasi-judicial immunity from suits for damages. *See Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts). Defendant Kinnunen was clearly acting on behalf of the court when he returned Plaintiff's petition for judicial review. Because Defendant Kinnunen is entitled to quasi-judicial immunity, Plaintiff may not maintain an action against him for monetary damages.

- 3 -

Additionally, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to review whether Defendant acted properly in failing to accept the petition for judicial review for filing in the Alger County Circuit Court. The *Rooker-Feldman* doctrine is based on 28 U.S.C. § 1257, which grants the Supreme Court jurisdiction to review the decisions of the highest state courts for compliance with the Constitution. *See* 28 U.S.C. § 1257; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 467 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under the doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041 (1998). "This is equally true in constitutional cases brought under § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts." *Id.* (citations omitted). Thus, even if the challenge is that the state court's action was unconstitutional, this Court may not review the challenge. *Feldman*, 460 U.S. at 485-86.

In order for the doctrine to apply, the "federal claim [must be] inextricably intertwined with the state-court judgment [such that] the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, (1987) (Marshall, J., concurring). For Plaintiff to succeed in his challenge, he would be required to show that Defendant erred in determining that Plaintiff had filed his petition for judicial review in the wrong court. Thus, this Court may not re-analyze where Plaintiff's petition should have been properly filed under state law.

Instead, Plaintiff was required to appeal the determination to the Michigan Court of Appeals, the Michigan Supreme Court and, if necessary, to the United States Supreme Court. From

- 4 -

his factual allegations, it appears that Plaintiff failed to use the proper state procedural mechanisms to complete the process of appeal from the rejection of his petition for judicial review.  Nor did Plaintiff attempt to resubmit his filing to Defendant along with an explanation that the offense did indeed occur in Alger County.  The *Rooker-Feldman* doctrine prevents this Court from "rescuing" Plaintiff from his own failure to properly pursue such an appeal.  *See Houston v. Lambert*, No. 99-5733, 2000 WL 1175563, at *1-*2 (6th Cir. Aug. 11, 2000) (*Rooker-Feldman* prevented district court from reviewing a complaint that Kentucky Supreme Court Justices failed to grant a motion to reinstate an appeal because the plaintiff's request was the "functional equivalent of an appeal from the state court judgment" dismissing his appeal).  Consequently, Plaintiff fails to state a claim upon which relief may be granted.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Date:   __November 30, 2005_____          /s/ Robert Holmes Bell_____
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT  JUDGE