UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDRE LEE COLEMAN,

Plaintiff,

v.

Case No. 2:05-cv-256
HON. ROBERT HOLMES BELL

DONALD W. KINNUNEN,

Defendant.
____________________________/

**OPINION**

Plaintiff Andre Lee Coleman filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant, former Alger County Circuit Court Clerk, failed to file a petition for judicial review of a prison disciplinary decision. Defendant returned the petition to plaintiff advising plaintiff to file the petition in the county where the prison was located and the offense occurred. Plaintiff argues that defendant had no authority to reject his petition. The only remaining claim is for injunctive relief.

Defendant has filed a motion to dismiss. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A

judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, *supra*, at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355. U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 988 F.2d at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Plaintiff has filed a motion for partial summary judgment arguing that he is entitled to damages. Plaintiff's claim for damages has been dismissed by this court. This court previously held and the Sixth Circuit affirmed that defendant is entitled to quasi-judicial immunity from monetary damages.

Defendant argues that quasi-judicial immunity bars plaintiff's claim for injunctive relief. The Federal Courts Improvement Act of 1996 amended 42 U.S.C. § 1983 by providing that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Montero v. Travis*, 171 F.3d 757 (2d Cir. 1999). Plaintiff has not addressed this argument or its applicability to defendant. Plaintiff has not alleged a violation of a declaratory decree nor the unavailability of declaratory relief.

Moreover, plaintiff has never asked the Michigan Court of Appeals for relief from defendant's action. Plaintiff could have filed a complaint for superintending control asking for an order directing the lower court to file his action. MCR 3.302. Further, plaintiff cannot support a denial of his access to the courts claim. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). Plaintiff cannot show that he suffered actual injury from defendant's conduct. Plaintiff could have attempted to file a new action showing that Alger County was the proper venue for his lawsuit. Plaintiff could have filed a complaint for superintending control. Plaintiff's right to access the courts was not violated by defendant's conduct because plaintiff has not alleged an actual injury.

To the extent that plaintiff has attempted to raise a state law claim in his amended complaint those claims shall be dismissed. Pendent jurisdiction over state law claims cannot be exercised after all federal claims have been dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966); *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir.), *cert. denied*, 504 U.S. 915 (1992). Accordingly, defendant's motion to dismiss (docket #29) will be granted and plaintiff's motion for partial summary judgment (docket #45) will be denied.

The Court further concludes that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendant's motion to dismiss, the court can discern no good-faith basis for an appeal. Should the plaintiff appeal this decision, the court will

assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, Plaintiff will be required to pay the $455 appellate filing fee in one lump sum.

Date: March 17, 2008

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE